# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANCISCO SALDANA,    )
           )
   Plaintiff,     )
           )
   v.        )   **Civil Action No. 08-1963 (JDB)**
           )
FEDERAL BUREAU OF PRISONS, )
et al.,         )
           )
   Defendants.    )

## MEMORANDUM OPINION

On April 27, 2010, this Court granted summary judgment to two defendants in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and deferred ruling on the motions for summary judgment on claims arising from FOIA requests directed to the United States Marshals Service ("USMS") and the Federal Bureau of Investigation ("FBI"). *Saldana v. Federal Bureau of Prisons*, - - F. Supp. 2d - -, 2010 WL 1656862, *11 (D.D.C. Apr. 27, 2010). This matter is now before the Court for consideration of those deferred motions in light of the supplemental declarations filed by the USMS and the FBI. Because the supplemental declarations establish that the defendants ultimately conducted searches that satisfy the requirements of FOIA, their motions for summary judgment will be granted.

The previous declarations from the USMS and the FBI had identified files with potentially responsive material that were missing, and neither agency provided sufficient information for the Court to conclude that the searches had been reasonable with respect to

subsequent attempts to locate the missing files.[1]  *Id.*  Therefore, the USMS and FBI were directed to file supplemental declarations "provid[ing] additional information about the searches undertaken with respect to each of the three requests that each agency opened in response to Saldana's inquiries."  *Id.*

An agency is obligated to conduct a search for documents that is "reasonably calculated to uncover all relevant information."  *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984).  To show that its search "us[ed] methods which can be reasonably expected to produce the information requested," *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id.* at 127.  A search need not be exhaustive, *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg,* 745 F.2d at 1485.  An agency's failure to find a particular document does not necessarily indicate that its search was inadequate.  *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 892 n. 7 (D.C. Cir. 1995).

---

[1]  Only the adequacy of the searches is at issue here.  The exemptions claimed by the USMS and the FBI were not, and are not, at issue in this case.  *See Saldana,* 2010 WL 1656862, * 8 (stating that Saldana "does not dispute the exemptions" and a review shows that they have "been appropriately and legitimately asserted").

The supplemental declaration submitted on behalf of the FBI establishes that during the course of this litigation, three files of documents that potentially contained records responsive to the three requests at issue here, which Saldana submitted to the FBI between 2005 and 2007, were located and searched, and the responsive documents were then processed for release to Saldana. *See* Second Declaration of David M. Hardy (May 27, 2010) ¶¶ 21-23. One of these files had been identified in early 2005 as potentially responsive to the first of Saldana's three requests, but the file had not been located. *Id.* ¶¶ 11-12. Later, that same file was located, but was not available for review because it was in use. *Id.* ¶ 13. On another occasion, in response to Saldana's second request to the FBI, this same file was identified, but erroneously treated as nonresponsive. *Id.* ¶ 15. This file and two others were identified in response to Saldana's third request, but his third request was so narrow that a search of all the documents in the three files produced no responsive document. *Id.* ¶¶ 18-19. Only after Saldana filed this complaint was this "missing" file reviewed and the responsive documents processed for release, *id.* ¶ 14, and the two other files searched for records responsive to any of the three requests Saldana had made, *id.* ¶¶ 21-23. Even if Saldana's claims were not moot at the time he filed this complaint, then they have since become moot by the FBI's additional searching, processing, and release of records. *See* 5 U.S.C. § 522(a)(4)(B) (authorizing a federal court only to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld"); *Perry,* 684 F.2d at 125 (stating that "however fitful or delayed the release of information under the FOIA may be, once all requested records are released [in accordance with the lawful exemptions], federal courts have no further statutory function to perform"). Accordingly, the FBI is entitled to summary judgment on these claims.

The supplemental declaration of William Bordley, filed on behalf of the USMS, also establishes that the USMS ultimately conducted a reasonable search for records responsive to Saldana's multiple requests. Supplemental Declaration of William E. Bordley (May 27, 2010) ¶¶ 12-13. The declaration establishes that there is no evidence to show that the USMS pursued its request to obtain the potentially responsive files from storage at two Federal Records Centers when its initial request did not produce the file or any response that is in evidence. *See* Bordley Decl. ¶¶ 4-6. Nonetheless, after this lawsuit was filed, the USMS received an affirmative response from the Federal Records Center that the three files requested could not be located. *Id.* ¶¶ 12-13. Here, too, even if Saldana's claims of an inadequate USMS search were not moot when he filed them, the additional search conducted by the USMS has rendered them moot. On this record, the USMS is also entitled to summary judgment.

Having reviewed the supplemental declarations, the Court finds that the searches ultimately conducted by the USMS and the FBI during the course of this litigation satisfy the requirements of the FOIA. Accordingly, the motions by the USMS and the FBI for summary judgment will be granted.

A separate order accompanies this memorandum opinion.


_____/s/_____
JOHN D. BATES
Date: June4, 2010                                United States District Judge